UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EXCEPTIONAL URGENT CARE CENTER
I, INC., a Florida corporation,

        Plaintiff,

-vs-                                          Case No.  5:08-cv-284-Oc-10GRJ

PROTOMED MEDICAL MANAGEMENT
CORPORATION, a foreign corporation,

        Defendant.
_____/

## **O R D E R**

On May 16, 2008, the Plaintiff filed its Complaint in state court alleging claims against the Defendant for breach of warranty and breach of oral contract based on the Plaintiff's purchase of allegedly defective software from the Defendant.  (Doc. 2).  The case was removed to this Court on July 9, 2008 (Doc. 1), and on May 14, 2009, the Court denied the Defendant's motion to dismiss for lack of personal jurisdiction, and referred the Defendant's motion to dismiss for improper venue and to transfer venue to the United States Magistrate Judge for further proceedings. (Doc. 25).  After conducting an extensive evidentiary hearing, the Magistrate Judge issued a well-reasoned and detailed Report (Doc. 30) recommending that the Defendant's Motion to Dismiss, Or, In the Alternative, Motion to Transfer Venue (Doc. 7) be denied as to the Motion to Dismiss, and granted as to the Motion to Transfer Venue.  The Plaintiff has filed timely objections to the report (Doc. 32), and the Defendant has filed a timely response (Doc. 34).

The Plaintiff has raised two objections: (1) that the Magistrate Judge erred in finding that the Plaintiff consented to and/or later ratified the forum selection clause contained in the End User License Agreement ("EULA") attached to the Defendant's software, which mandates that the exclusive venue for all disputes arising out of or relating to the Agreement is the state and federal courts in Maryland; and (2) that the Magistrate Judge erred in holding that the Plaintiff's inclusion of a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") fell within the scope of the forum selection clause, and therefore could be transferred to Maryland.

The Court finds both of the Plaintiff's objections without merit.  With respect to the Plaintiff's acceptance of the EULA, evidence was presented at the evidentiary hearing establishing that the Plaintiff never specifically rejected the EULA, and that the Plaintiff later ratified the EULA through its continued use of the Defendant's software.  Evidence was also presented establishing that the Plaintiff's Office Manager - acting in her role as agent for the Plaintiff - accepted the terms of the EULA at the time the Defendant installed the software onto the Plaintiff's computer systems.  The Plaintiff had ample opportunity to refute this evidence, but did not do so.

The Plaintiff's reliance on its eleventh-hour addition of a FDUTPA claim also does not prevent enforcement of the forum selection clause.[1]  Contrary to the Plaintiff's

---

[1] As the Magistrate Judge correctly pointed out, the Plaintiff added this claim eleven days after the evidentiary hearing, in an obvious attempt to circumvent the binding provisions of the forum selection clause.

assertion, FDUTPA claims are not per se exempt from forum selection clauses. <u>SAI Ins. Agency, Inc. v. Applied Systems, Inc.</u>, 858 So. 2d 401, 403-04 (Fla. 1st DCA 2003). The decision cited by the Plaintiff, <u>Management Computer Controls, Inc. v. Charles Perry</u>, 743 So. 2d 627 (Fla. 1st DCA 1999), is distinguishable because it interpreted a much narrower forum selection clause which only governed claims "arising out of [the] Agreement." In this case, however, the EULA's forum selection clause is much broader, and governs "all disputes arising out of or relating to the agreement." Moreover, the Plaintiff has not sought to abrogate the EULA, but merely seeks to recover damages based on alleged misrepresentations concerning the scope, benefit, capability, and parameter of the Defendant's software. (Doc. 29, ¶¶ 30, 32). It is undisputed that the EULA covers the scope, benefit, performance, capability, and parameter of the software, and therefore, the Plaintiff's FDUTPA claim clearly arises out of or relates to the Agreement itself and is covered by the forum selection clause. <u>See</u> <u>SAI Ins. Agency, Inc.</u>, at 403-04.

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1)   The United States Magistrate Judge's Report and Recommendation (Doc. 30) is ADOPTED, CONFIRMED, AND MADE A PART HEREOF;

(2)   The Plaintiff's Objection to Report and Recommendation (Doc. 32) is OVERRULED;

(3)   The Defendant's Motion to Dismiss, Or, In the Alternative, Motion to Transfer Venue (Doc. 7) is DENIED as to the Motion to Dismiss and GRANTED as to the Motion to

Transfer Venue, and the Clerk is directed to transfer this case to the United States District Court for the District of Maryland, Baltimore Division; and

(4)     Pursuant to the Magistrate Judge's Order of June 23, 2009 (Doc. 33), the Defendant shall file its answer or otherwise respond to the Plaintiff's Amended Complaint (Doc. 29) within fourteen days from the date of this Order, or upon such other time as directed by the United States District Court for the District of Maryland.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 13th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Hon. Gary R. Jones
             Maurya A. McSheehy